# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID LEE WILLIAMS, JR., ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00640 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHARLOTTE COUNTY JAIL, ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff David Lee Williams, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. As the sum total of his complaint, Williams states his "request[ ] that the [Charlotte County Jail] get our living standards to par." Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state any claim.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, plaintiff cannot maintain his action against the Charlotte County Jail ("the jail"), since local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The jail is the only defendant named in the complaint. While the court could allow him an opportunity to amend his complaint to name individuals as defendants, such a course of action is not necessary, because his allegations fail to state any § 1983 claim against anyone.

The Eighth Amendment protects prisoners from cruel and unusual living conditions.[1] Rhodes

---

[1] Williams is incarcerated at a local jail, and it is not clear from his pleading whether he is a convicted defendant or a pretrial detainee. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish,

v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, the plaintiff must show that (1) he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), and (2) that the defendant officials acted with deliberate indifference toward the risk of harm posed by the conditions. Farmer v. Brennan, 511 U.S. 825, 835 (1994). As plaintiff fails to allege facts indicating any likelihood whatsoever that the "living conditions" he challenges have caused, or are likely to cause, him any serious physical harm, his allegations fail to state any constitutional claim against anyone at the jail. Therefore, the court will dismiss the action without prejudice, pursuant to § 1915A.² An appropriate order shall be issued this day.

---

441 U.S. 520, 535-538 (1979). Due Process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. Unless the detainee plaintiff can show that officials intended to punish him through conditions of confinement, conditions cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

²It also appears that Williams' complaint may be premature, because he admits that he did not file any grievances concerning his claims before filing this action. Before an inmate may bring a civil action concerning prison living conditions, he must first exhaust available administrative remedies at the prison. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that § 1997e(a) exhaustion requirement "applies to all inmate suits about prison life"). Williams submits a verified statement form on which he has checked an option indicating that no administrative remedies are available to him and that he has attached documentation demonstrating his attempts to pursue such remedies, but no such documentation arrived with the complaint. Because Williams' complaint itself fails to state any actionable constitutional claim, however, the court will not require Williams to produce documentation to support his contention that the jail has no grievance remedy by which he may address complaints about living conditions.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of December, 2008.

                                        /s/ Glen Conrad
                                    United States District Judge